```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/20/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JEMMA ROBERSON,

                              **Plaintiff,**                        15-CV-07766 (AT)(SN)

               -against-                               **OPINION AND ORDER**

PSYCHASSOCIATES GROUP LLC,

                            **Defendant.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      By letter dated June 16, 2016, pro se plaintiff Jemma Roberson request the appointment of pro bono counsel. For the reasons set forth below, the motion is denied without prejudice.

      The Court has "broad discretion" when deciding whether to appoint counsel. See Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986); Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). "There is no requirement that an indigent litigant be appointed pro bono counsel in civil matters." Id. at 789; 28 U.S.C. § 1915(e).

      The factors to be considered in ruling on a motion for pro bono counsel include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "the factor which command[s] the most attention [is] the merits." Indeed:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer

>lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Id.

At this early stage of the litigation, the Court cannot assess the merits of Ms. Roberson's case. Accordingly, the Court concludes that Ms. Roberson's motion for appointment of counsel is premature and DENIES the motion without prejudice to refiling this request when the merits of Ms. Roberson's case have been more fully examined by the Court.

The Clerk of Court is requested to terminate the motion at Docket No. 22.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         June 20, 2016

cc:      **Jemma Roberson** (*by Chambers*)
         2588 Seventh Ave., #5D
         New York, NY 10039